IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES LAMONE EDWARDS,

    Petitioner,                       No. CIV S-05-0756 GEB EFB P

    vs.

KATHY MENDOZA-POWERS, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the petition filed April 19, 2005. Respondent[1] moves to dismiss upon the ground this action is untimely. Petitioner opposes, asserting he is entitled to equitable tolling. For the reasons explained below, the court finds that the petition is late and that petitioner is not entitled to the tolling. Accordingly, the undersigned recommends that the action be dismissed.

**I. Procedural History**

    Petitioner was convicted of robbery and sentenced to 25 years in prison on August 25, 2000. Lodged Doc. 1. He appealed, and on August 6, 2001, the judgment was affirmed.

---

[1] Warden Kathy Mendoza-Powers succeeded Mike Knowles as the warden at Avenal State Prison. Accordingly, Kathy Mendoza-Powers is hereby substituted as the Respondent. *See* Fed. R. Civ. P. 25(d)(1).

Lodged Doc. 2.  On September 5, 2001, petitioner filed a petition for review in the California Supreme Court, which denied review on October 10, 2001.  Lodged Docs. 3, 4.  Giving petitioner the benefit of the mailbox rule, *see Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), he filed a petition for a writ of habeas corpus in the trial court on April 1, 2002.  Lodged Doc. 5.  That court denied the writ on July 15, 2002.  Lodged Doc. 6.  Petitioner proceeded directly to federal court by filing a petition for a writ of habeas corpus in this court[2] on June 2, 2003.  A judge of this court found that petitioner failed to exhaust available state remedies and, on March 12, 2005, dismissed the action without prejudice.

On April 19, 2005, petitioner filed a second petition for a writ of habeas corpus in this court.

**II.  Legal Standards**

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  The judgment on direct review becomes final when the 90-day limit for filing a petition for certiorari expires. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The period is not tolled "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  The period is tolled once a petitioner properly files a state post-conviction application, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2).  In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court.  *Carey v. Saffold*, 536 U.S. 214, 223

---

[2] A court may take judicial notice of its own records in other cases.  *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980).

(2002). A federal habeas application does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

A court may grant equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (*en banc*). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). These circumstances must actually cause the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner has the burden of showing facts entitling him to statutory and to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III. Analysis**

Affording petitioner 90 days from October 10, 2001, when the California Supreme Court denied his petition for review, petitioner's conviction was final on January 8, 2002. He therefore had until January 8, 2003, to file a federal habeas petition. Absent tolling, petitioner's April 19, 2005, petition is untimely. Petitioner's habeas petition filed in the trial court on April 1, 2002, and denied on July 15, 2002, entitles him to 105 days of tolling, extending the time to file in federal court to April 23, 2003. The June 2, 2003, petition filed in this court and dismissed for petitioner's failure to exhaust did not toll the limitations period. *See Duncan*, 533 U.S. at 181-82. He did not file another petition in this court until April 19, 2005.

In support of his argument that he is entitled to equitable tolling, petitioner alleges:

> Prisoners have a constitutional right to access the courts. The importance of this right to incarcerated individuals is evidence and can hardly be overstated. Although access to a law library is not the only way for the state to protect prisoners' right to access the courts, California provides no other means by which prisoners' right to access the court is protected. But because of the circumstances that happen in prison every day that are beyond petitioner's control, but they are in the control of the situation. The institution. The California Department of

3

> Corrections, it is indeed true that California prisoners are the toughest beat to walk. The petitioner is greatly affected, because he is neither involved in drugs or gangs, but he suffers as though he was, petitioner is a born again Christian who wishes the Honorable Magistrate could see first hand experience of what it's like in here, instead of the T.V. or other people's opinions who are looking from the outside in. So it is impossible for this petitioner to file a timely petition.

Opposition at 5. The fact that a prisoner is proceeding without counsel, without more, is not an extraordinary circumstance that justifies equitable tolling. *See Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006). However, a lack of access to legal materials can be an extraordinary circumstance. *See Spitsyn*, 345 F.3d at 801 (retained post-conviction counsel's failure to file federal habeas petition and failure to respond to inquiries or to return petitioner's file sufficiently egregious to be an "extraordinary circumstance"); *see also*, *Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002) (remanding for district court to determine whether equitable tolling warranted where prison denied petitioner access to legal papers). Those circumstances are not presented here. Petitioner's argument is insufficient to find that he is entitled to equitable tolling. He does not allege any specific facts showing that any particular person or persons, or any particular circumstance or circumstances, that were outside his control actually caused his inability to file on time despite his diligent efforts. Since he has not made such a showing, the court finds that petitioner is not entitled to equitable tolling. Therefore, this action must be dismissed with prejudice.

Accordingly, it is hereby RECOMMENDED that respondent's March 22, 2006, motion to dismiss be granted and that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

////

specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   January 24, 2007.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE